## COMMONWEALTH v. B. J. MORNINGSTAR.

APPEAL BY COMMONWEALTH FROM THE COURT OF QUARTER SESSIONS OF WARREN COUNTY.

Argued May 6, 1891—Decided October 5, 1891.
[To be reported.]

1. An indictment of a life-insurance agent for offering a rebate of premium payable on a policy, in violation of § 1, act of May 7, 1889, P. L. 116, should not be quashed for defects in matters of form which are amendable, or on the ground that said act is unconstitutional, especially for insufficiency of its title, under § 3, article III. of the constitution.
2. Where, on the removal of a criminal cause to the Supreme Court for review, an application is made for the payment by the county of the reasonable expenses and compensation of the district attorney in connection therewith, under § 2, act of May 19, 1887, P. L. 138, it is the duty of the court below, not of the Supreme Court, to fix the amount thereof.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 399 January Term 1891, Sup. Ct.; court below, No. 8 March Term 1890, Q. S.

On June 2, 1890, the grand jury returned as a true bill an indictment presenting:

" That B. J. Morningstar, late of said county, yeoman, to

Statement of Facts.

wit: On the first day of November, A. D. 1889, at Warren, in the county and state aforesaid, was a lawfully-constituted agent of the Mutual Life Insurance Company of New York, a corporation doing business in the state of Pennsylvania, with authority to solicit life and endowment insurance for said company, in the county and state aforesaid, and to receive the first yearly premium, payable on the policy issued by said company to the insured. And the said B. J. Morningstar, as such agent, on the day and year aforesaid, and within the jurisdiction of this court, then and there did offer to pay and allow Jane Orr a rebate of a part of the premium, to wit, fifty dollars, payable on a policy of insurance to be then and there issued to Richard Orr by the Mutual Life Insurance Company of New York, for the sum of five thousand dollars, which said rebate was not specified in the policy contract of insurance. And the said rebate, so offered as aforesaid, was then and there offered by the said B. J. Morningstar to the said Jane Orr, as an inducement to insure the life of the said Richard Orr in the said Mutual Life Insurance Company of New York for the said sum of five thousand dollars, contrary to the form of the act of assembly in such cases made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

The same day, the defendant, by its counsel, moved to quash the indictment for the following reasons :

"1. The charges set forth in the indictment, if true, do not constitute an offence under any act of assembly of the state of Pennsylvania, or under the common law.

"2. The indictment does not charge, or allege, that defendant did discriminate in favor of Richard Orr, or of any person for him, in offering to issue to him, or to procure for him a policy of insurance, as set forth in said indictment.

"3. The act of assembly under which said indictment was intended to be drawn is unconstitutional, for the reason that the title to said act does not clearly indicate the subject matter contained in the act, and is therefore in violation of § 3 of article III. of the constitution of Pennsylvania."

On June 3, 1890, the court, BROWN, P. J., entered an order quashing the indictment, no opinion being filed.

Thereupon, the commonwealth took this appeal, assigning the order quashing the indictment for error :

Opinion of the Court.

*Mr. Samuel T. Neill* (with him *Mr. J. W. Dunkle*, District Attorney), for the appellant:

The indictment was drawn under the act of May 7, 1889, P. L. 116. While three reasons were assigned for quashing it, but one was relied upon, the third. As to the others the indictment was amendable. As to the constitutionality of the act, it was said in Craig v. Presb. Church, 88 Pa. 46: "All presumptions are in favor of the constitutionality of an act of assembly. To doubt is to decide in favor of its constitutionality." It is not necessary that the title of an act should be a complete index to its contents: Commonwealth v. Green, 58 Pa. 226.; Yeager v. Weaver, 64 Pa. 425. It is only necessary that it should fairly give notice of the subject of the act, so as to reasonably lead to an inquiry into its body: Allegheny Co. Home's App., 77 Pa. 77; State Line R. Co.'s App., 77 Pa. 429; Mauch Chunk v. McGee, 81 Pa. 433; Blood v. Mercelliott, 53 Pa. 391.

There was no appearance for the appellee.

OPINION, MR. CHIEF JUSTICE PAXSON:

The defendant was indicted in the Court of Quarter Sessions of Warren county for having, as agent of the New York Mutual Life Insurance Company, a corporation doing business in the state of Pennsylvania, offered to pay and allow one Jane Orr " a rebate of a part of the premium, to wit, fifty dollars, payable on a policy of insurance to be then and there issued to Richard Orr by the Mutual Life Insurance Company of New York, for the sum of five thousand dollars, which said rebate was not specified in the policy contract of insurance; and the said rebate, so offered as aforesaid, was then and there offered by the said B. J. Morningstar to the said Jane Orr, as an inducement to insure the life of the said Richard Orr in the said Mutual Life Insurance Company of New York for the said sum of five thousand dollars, contrary to the form of the act of assembly," etc.

This indictment was evidently framed upon the act of May 7, 1889, P. L. 116, the first section of which provides:

"That no life insurance company doing business in Pennsylvania, shall make or permit any distinction or discrimination

Opinion of the Court.

in favor of individuals, between insurants of the same. class and equal expectation of life, in the amount or payment of premiums or rates charged for policies of life or endowment insurance, . . . . . or in any other of the terms and conditions of the contracts it makes ; nor shall any such company or agent thereof make any contract of insurance, or agreement as to such contract, other than as plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow, or offer to pay or allow, as inducements to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefit to accrue thereon, or any valuable consideration or inducement whatever, not specified in the policy contract of insurance."

The second section of said act designates the penalty for its violation, which is by indictment in the Quarter Sessions as a misdemeanor.

The defendant moved to quash the indictment, which motion was allowed by the court below. There is nothing upon the record to show upon what grounds the learned judge sustained the motion beyond the reasons assigned in support of it, nor were we aided by either an argument or a paper-book on the part of the defendant. It was alleged on behalf of the commonwealth that the action of the court was based upon the third reason alleged in the motion to quash, which denied the constitutionality of the act. We can hardly believe the learned court would have quashed the indictment for the matters of form referred to in the first and second reasons, which are amendable under the act of assembly. It is equally difficult to see how he could decide against the constitutionality of the act, and thus, in effect, blot it out of the statute-book, without assigning any reason therefor. When this court declares an act of assembly unconstitutional, we have always regarded it as a duty which we owe to the other two co-ordinate departments of the government to state our reasons, however briefly, for such action.

Being thus compelled to grope in the dark to some extent, it is sufficient to say that we see no reason why the act in question should be held to be unconstitutional. Certainly, no such reason has been called to our attention. The scope and purpose of the act is clearly within the police powers of the

state, and its terms are not in conflict with any rights guaranteed by the fundamental law.   If, as was suggested on the argument, the objection to it is on account of its title, we are unable to see the force of it.  The title is very full; it is almost an epitome of the act itself, and under Allegheny Co. Home's App., 77 Pa. 77; Blood v. Mercelliott, 53 Pa. 391; Craig v. Presb. Church, 88 Pa. 42, and that line of cases, we think it is sufficient.

> The judgment is reversed, the indictment is reinstated, and a procedendo awarded.

On November 2, 1891, the district attorney presented to the Supreme Court, for allowance, his bill against the county of Warren for his necessary expenses in connection with the foregoing cause, under § 2, act of May 19, 1887, P. L. 138.   The bill stated the expenses for railroad fare and hotel bills, with the amount of compensation for services left blank.

PER CURIAM:
We are of opinion that under the second section of the act of May 19, 1887, P. L. 138, it is the duty of the court below to fix the amount to be allowed the district attorney for his necessary expenses and a reasonable compensation for his services in the above case.