## Commonwealth v. Terry et al.

*Gambling — Indictment — Sufficiency of — Prosecutor—Variation between complaint and indictment—Act of March 31, 1860.*

1. Only such matters as appear on the face of an indictment are to be considered on the demurrer to it.

2. An indictment under section 55 of the Act of March 31, 1860, P. L. 397, for setting up and maintaining "a certain game or device known as one ball game, also a French game known as 4-9-12-15 game, at which money and other valuable things were staked, betted upon and played for," is sufficient on demurrer.

3. It is within the province of a jury, after hearing the testimony, to find who the prosecutor is, and it is not necessary that the name of the party who made the complaint be on the indictment.

4. Exact accuracy is not required in a complaint, but the indictment must charge the same offence as is contained in the complaint.

5. The Act of March 31, 1860, § 55, P. L. 397, defines three separate and distinct offences, and an indictment is defective and should be quashed which charges the first offence, viz., setting up and maintaining a gambling game, but is based on a complaint charging the second offence, viz., permitting persons to assemble in his house for gambling.

Demurrer and motion to quash indictment. Q. S. Lancaster Co., Sept. Sess., 1926, No. 235.

*Zimmerman, Myers & Kready,* for demurrer and motion.

*Joseph B. Wissler,* District Attorney, contra.

LANDIS, P. J., Jan. 15, 1927.—The indictment charges that the defendants "did unlawfully set up, maintain and establish, and cause to be set up, maintain and establish, a certain game or device known as one ball game, also a French game known as 4–9–12–15 game, at which money and other valuable things were staked, betted upon and played for." This is a violation of section 55 of the Act of March 31, 1860, P. L. 397.

Commonwealth *v.* Terry et al.

The only question which can be raised by the demurrer is whether the facts charged in the indictment constitute a crime. Only such matters as appear on the face of the indictment are to be considered on the demurrer to it: Com. *v.* Hunter, 13 Pa. C. C. Reps. 573.

The demurrer filed in this case must be dismissed, as the indictment charges a violation of the act of assembly in almost its exact language.

There are a number of other matters contained in the demurrer, but they are not such as can be raised in a demurrer and would not justify our sustaining it.

A motion to quash has been filed, which contains two reasons why it should be quashed. They are as follows:

1. This indictment is based upon a complaint made by Howard Anderson, and the prosecutor named on the indictment is not the prosecutor who swore to the complaint.

2. The indictment found in this case varies from the complaint made, in that it charges an additional and different offence in maintaining a game instead of permitting the maintenance of a game, and the participation in a gambling game, which is the only offence complained of in the complaint in this case.

The first reason does not state a fact. The complaint attached to the return of the alderman is not signed by Howard Anderson, but by Ellwood Gainor. The indictment does not show who the prosecutor is. Even if the complaint was signed by Howard Anderson, there is nothing to show that he is not the prosecutor. It is within the province of a jury, after hearing the testimony, to find who the prosecutor is, and it is not necessary that his name be on the indictment as a witness.

The second reason, we think, justifies our quashing the indictment. The 55th section of the Act of March 31, 1860, P. L. 397, defines three separate and distinct offences, which are: (1) Setting up and establishing a gambling game or device, etc., at which money or other valuable thing is played for, staked or betted upon; (2) procuring, permitting, suffering or allowing persons to assemble or collect in his house, etc., by any person, for the purpose of playing at and staking or betting money or other valuable thing upon such game; (3) leasing, hiring or renting by an owner or lessee, etc., a house or room to be used for gambling purposes.

Each of these offences is entirely different from the others. The complaint sets forth only the second one. The indictment charges the first. Exact accuracy is not required in a complaint, but the indictment must charge the same offence as is contained in the complaint or the indictment is fatally defective: Com. *v.* Edwards, 5 Kulp, 192; Com. *v.* Morningstar, 12 Pa. C. C. Reps. 34; 144 Pa. 103. An indictment need not conform precisely with the phraseology of the complaint, but the offence charged must be the same in substance or it will be quashed: Com. *v.* Manderfield, 27 Legal Intell. 86; Com. *v.* Wohlgemuth, 9 Phila. 582; Criminal Procedure in Pennsylvania by Sadler, 231.

An indictment charging the defendants with having committed the first offence contained in the 55th section of the Act of March 31, 1860, P. L. 397, cannot be based upon a complaint charging the second offence contained in it. We, therefore, sustain the motion to quash the indictment.

Indictment quashed.

From George Ross Eshleman, Lancaster, Pa.