# Fredericks et al. *versus* Pennsylvania Canal Co.

1. The Act of June 2d, 1870 (P. L. 1318), entitled, "An Act to authorize turnpike, plank-road, and canal companies to issue bonds and secure the same by mortgage, and to abandon portions of their roads and lines for public use," is not unconstitutional. The title is not misleading, nor the subject disguised or concealed thereby; it gives such notice of the subject of the Act as reasonably to lead to an inquiry into the body thereof, which is sufficient.

2. Said Act authorized the abandonment for public use of the improvements, of a certain canal company, which might be deemed by the board of directors unnecessary to be so kept open, provided "at least two thirds of the stockholders approved and consented to the same:"

   *Held*, that an abandonment with the approval of one stockholder, who held more than two thirds of the shares of stock, was valid. But even if one such stockholder's approval was not sufficient, the subsequent approval of the others would render the abandonment valid.

   *Held, further*, that the stockholders were the only persons who could object to an unwarranted exercise of this authority, and where they had acquiesced in the abandonment for ten years they would be presumed to have ratified it.

3. A resolution passed by the directors of a canal company at the abandonment of part of their canal, under said Act, reserved to the company certain rights and privileges:

*Held*, that even if these rights reserved were more extensive than required for the proper use and enjoyment of the part not abandoned, such excess would be inoperative; but this would not render nugatory the action of the company as to the part actually abandoned.

February 16th, 1885. (Re-argument.) Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and CLARK, JJ. PAXSON and GREEN, JJ., absent.

ERROR to the Court of Common Pleas, of *Lycoming county:* Of January Term, 1883, No. 167½.

This was an action on the case by Newton W. Fredericks and Frederick Kreamer, trading as Fredericks & Kreamer, against the Pennsylvania Canal Company, to recover damages suffered by the plaintiffs by reason of the defendant's failure to keep their canal in operation between Lock Haven and Farrandsville.

On the trial, before CUMMIN, P. J., the following facts appeared: The plaintiffs manufactured and sold lumber at Farrandsville, where they had extensive mills and piling grounds convenient to the canal, by which they shipped lumber to customers who could not well be reached by rail, and at a saving of about one third over railroad rates. Farrandsville was the western terminus of the canal and from this point to Lock Haven it was slack water navigation, created by dams at Queens Run and Lock Haven. The defendants failed to keep said part of the canal in operation and repair, whereby the plaintiffs were prevented from using it for shipping lumber, and they brought this suit December 10th, 1881, for damages thereby suffered. The defence was that the defendants had abandoned this part of the canal, under the Act of June 2d, 1870 (P. L. 1318), entitled. "An Act to authorize turnpike, plank-road and canal companies to issue bonds and secure the same by mortgage, and to abandon portions of their roads and lines for public use."

This Act, after providing for the issuing of bonds and mortgages, continued as follows: "And any such company may and is hereby authorized to abandon for public use, such portions of their roads or lines of improvement as may be deemed by such board of directors unnecessary to be kept open for public use: Provided, however, at least two thirds of the stockholders of such company approve and consent to the same: And provided, further, that nothing herein contained shall be construed so as to authorize the abandonment of any part of the North Branch canal, north of Wilkes-Barre, or of that part of the Pennsylvania canal on the Juniata river, east

of Huntingdon; and that the said company or companies are hereby authorized to build the necessary dams and structures, and substitute slack water navigation instead of canal, whenever in the judgment of the board of directors the same may be deemed expedient: Provided, the provisions of this Act shall apply only to such works as are owned, operated or managed by the Pennsylvania Railroad Company or the Pennsylvania Canal Company."

At a regular meeting of the board of directors of the Pennsylvania Canal Co., defendants, held October 20th, 1873, a resolution was passed that in the opinion of the board it was unnecessary to keep open that part of the canal from Farrandsville to Lock Haven, and the president of the company thereby authorized, after obtaining the consent of the proper number of stockholders, under the Act, to abandon the same for public uses. On August 4th, 1874, at another meeting of said directors, it was stated by the president that the Pennsylvania Railroad Co., which owned and held more than two thirds of the capital stock of the canal company, had by writing filed assented to the abandonment of that part of the canal, above described, whereupon the directors passed a resolution directing the president to declare the same abandoned, which he accordingly did.

This resolution concluded as follows: "The said company, however, retains the pool or back water of the Lock Haven dam, except the tow path along the same as aforesaid, and also retains all the land, buildings, rights, properties, materials and franchises heretofore granted to the said Pennsylvania Canal Company and to the West Branch and Susquehanna Canal Company, on the line of the said portion so abandoned for public use, and all right, title, interest and estate heretofore vested in the said canal companies, or either of them, in, upon or along the site heretofore occupied by any portion of the said canal, works or appurtenances connected therewith, except the right to use the parts so abandoned for purposes of navigation, and nothing in this Act of abandonment is to interfere with, or in any way to affect the said company, its successors or assigns in the use and enjoyment of the West Branch river for purposes of navigation by canal or slack water in all other respects. And thereupon *to* sell or lease, or otherwise dispose of and convey the part or parts so abandoned for public use."

The court directed the jury to find a verdict for the defendants, and subsequently entered judgment thereon; thereupon the plaintiffs took this writ assigning for error: *First,* the failure of the court to instruct the jury that the defendants "had not abandoned for public use that part of the canal be-

tween Lock Haven and Farrandsville so as to avoid the obligation upon it to keep the same in good repair and navigable condition." *Second,* the failure of the court to instruct the jury that the Act of June 2d, 1870, was unconstitutional and void.

The case was originally argued February 13th, 1883.

*J. T. Fredericks* (with whom was *R. P. Allen*), for plaintiffs in error.—The Act of 1870 provides that " at least two thirds of the stockholders " shall consent to the abandonment, and it was shown that but one stockholder actually consented. The plain meaning of two thirds of the stockholders, is two thirds in number. There was, therefore, not a compliance with the Act, which must be construed strictly and against the corpoia-tion in favor of the public: Packer *v.* Sunbury & Erie R. R., 7 Harris, 218; Johnson *v.* Philadelphia, 10 P. F. S., 451; Commonwealth *v.* Erie and North East R. R., 3 Casey, 339. Again, the Act is unconstitutional and void, as obnoxious to Art. XI., sec. 8 of the State Constitution. It contains four subjects not related to each other: (1.) Authority to plank-road, turnpike and canal companies to issue bonds and mortgages; (2) Authority to canal companies to build dams and substitute slack water, for canal navigation; (3) Authority to abandon parts of plank-roads, turnpikes and canals; (4) It limits the provisions of the Act to specified companies. Of these four subjects only two are mentioned in the title. Thus the Act is unconstitutional as against both prohibitions of the Constitution, in that it contains a multiplicity of subjects, and does not express its objects clearly in its title: West Phila. R. R. Co. *v.* Union R. R. Co., 9 Phila., 495; Dorsey's Appeal, 22 P. F. S., 192; Allegheny Co. Home's Appeal, 27 P. F. S., 86. Even if, as contended, the last subject can be stricken out, enough remains to render the Act void.

*Henry C. Parsons* and *Wayne MacVeagh*, for defendants in error.—The title to the Act of 1870 states its real purpose, which is all that is required. It must be a very clear case to warrant a court in pronouncing an Act void on account of the title: Commonwealth *v.* Green, 8 P. F. S., 226. Even if, as contended, there are subjects in the Act not mentioned in the title those which do not there appear can be stricken out and the Act as it then stands will be constitutional: Cooley on Cons. Limitations, 178; Dewhurst *v.* City of Allegheny, 14 Norris, 442; Dorsey's Appeal, 22 P. F. S., 195; Borough of Mauch Chunk *v.* McGee, 3 W. N. C., 34; Allegheny County Home's Appeal, 27 P. F. S., 80. The part of the Act under which the abandonment was made is clearly expressed in the

title and would therefore remain operative. The abandonment also complied with the requirements of the Act. A stockholder is a person who holds stock. "Two thirds of the stockholders" are therefore the holders of two thirds of the stock. Out of the 89,143 shares of capital stock the Pennsylvania Railroad Company held 69,500. No stockholder of the canal company has ever objected to the abandonment, and they may all therefore be considered as consenting to it, since they have acquiesced for nearly ten years. No one else has any standing to object.

On March 12th, 1883, the Supreme Court ordered a re-argument on the effect of the reservation of the canal company, as expressed in the resolution of the directors when the abandonment was ordered. The re-argument was had February 16th, 1885.

*Counsel for plaintiffs in error.*—By the resolution the defendants claimed to retain all the right, title and interest vested in them and in the West Branch & Susquehanna Canal Company, and all the *franchises thereto granted.* The franchises were to maintain and use the canal, as it had always been maintained, and to take tolls therefor. By the Act of April 21st, 1858 (P. L. 414), it was expressly provided that the canal must be kept open and in good repair as a public highway forever. But under the resolution the defendants, while abandoning the part of the canal in question, as a canal, retain their property rights and privileges, and use the same for their own private purposes. Under this resolution they have maintained the dams at Lock Haven and Queens Run and backed the water in the river for their own use, free from any obligation to the public, and they could even now take tolls if they saw fit. This certainly was not a legal abandonment.

*Counsel for defendants in error.*—The dam at Lock Haven supplies water for the canal from Lock Haven to Muncy. This dam the defendants did not abandon because it might have destroyed their water level. But they did abandon all above Lock Haven "for public use," as provided by the Act, and have since refused to clear boats, take toll or navigate any part of the abandoned canal; what they retained was simply control over the water supply of their works and not the right to use for profit any part of the canal above Lock Haven.

Chief Justice MERCUR delivered the opinion of the court, October 5th, 1885.

The second specification of error is to the refusal of the

[Fredericks *v.* Penna. Canal Co.]

court to charge that the Act of 2d June, 1870, is unconstitutional and void. It is entitled " An Act to authorize turnpike, plank-road, and canal companies to issue bonds, and secure the same by mortgage, and to abandon portions of their roads and lines for public use."

This contention arises from the abandonment by the defendant of a portion of its line of canal, under this Act. Two questions are presented, the one is whether the Act is constitutional, the other whether the power of abandonment was exercised as provided in the Act.

1. The subject of such abandonment is clearly and specifically expressed in the title. The body of the Act, *inter alia*, declares " any such company may, and is hereby authorized to abandon for public use such portions of their roads or lines of improvement as may be deemed by such board unnecessary to be kept open for public use. *Provided*, however, at least two thirds of the stockholders of such company approve and consent to the same." The subject and the several parts thereof, specified in the Act, are germane to the subject expressed in the title. The title is not deceptive or misleading. The subject is not disguised nor concealed thereby. It is therefore sufficient: Dewhurst *v.* City of Allegheny, 14 Norris, 442. As it gives such notice of the subject of the bill as reasonably to lead to an inquiry into the body thereof, that is all which is required: Allegheny County Home's Appeal, 27 P. F. S., 80. It is true the latter part of the bill somewhat restricts its general operation, but this in no manner affects the right of the defendant to abandon the portion of its canal in question. The power of the legislature to authorize this abandonment with the consent and approval of the company which owned it, is very clear. We cannot review the wisdom of the Act. This legislation is therefore valid.

2. Was the action of the canal company in abandoning a portion of its canal, in substantial accordance with the provisions of the statute? It does not declare that two thirds *in number* of the stockholders must consent thereto. We think the approval and consent of any number of stockholders who own two thirds of the whole stock of the company is within the meaning and spirit of the Act. If, however, a sufficient number of the stockholders did not affirmatively consent to the abandonment at first, a subsequent approval or consent made valid the action of the others. The stockholders are the only persons who can object to an unwarranted exercise of authority. If they remain silent, after a lapse of time, they will be presumed to have ratified the Act: Eppricht *v.* Nickerson, 4 Amer. & Eng. Cor. Cases, 138.

At a regular meeting of the board of directors held on the

[Fredericks *v.* Penna. Canal Co.]

20th October, 1873, after reciting the statute of 2d June, 1870, aforesaid, it was resolved that in the opinion of the board a portion of the canal described, being the same now in contention, was unnecessary to be kept open for public use, and the president of the company was thereby authorized, with the due consent of the number of stockholders specified, to abandon for public use, said portion of the canal. At a meeting of the directors held on the 4th of August, 1874, it was announced that the Pennsylvania Railroad Company, which owned and held more than two thirds of the capital stock of the company had, by writing filed in the office thereof, assented to such abandonment. Thereupon the president was instructed to declare the same abandoned, which he accordingly did.

At that time the stock of the company consisted of 89,143 shares, of which 69,500 were held by the Pennsylvania Railroad Company, being more than three fourths of the whole stock. The railroad company unquestionably approved and consented to the abandonment. More than ten years have since elapsed, yet no stockholder has ever questioned the regularity of the proceedings or the validity of the abandonment. It may safely be presumed that all of them are well satisfied with the action of the directors, and that they have approved and consented thereto.

At first we were inclined to doubt whether the reservation, which followed the declaration of abandonment, might not impair the validity of the abandonment itself. A careful examination and consideration of the case have removed that impression. The rights reserved do not appear to be any greater than are necessary for the proper use and enjoyment of that portion of the canal which is not abandoned. If, however, in fact, they should be held to be unnecessarily extensive, such excess will merely be inoperative. It will not make nugatory the action of the company as to that portion of the canal which it actually abandoned.

An examination of the whole record shows the court committed no error in directing the jury to render a verdict for the defendant.

Judgment affirmed.