# Commonwealth, Appellant *v.* Chas. F. Moore.

*Constitutional law— Title of act—Constitution, art. 3, sec. 3—Act of March* 22, 1887, *P. L.* 8—*Livery stable keepers.*

The act of March 22, 1887, P. L. 8, entitled "An act for the protection of livery stable keepers" is constitutional and does not violate sec. 3, art. 3 of the constitution of Pennsylvania.

The title fairly gives notice of the subject of the act so as reasonably to lead to an inquiry into the body of the bill, which is sufficient.

That some of the sections of the act provide for a civil liability and some for criminal does not make it embrace two subjects.

Argued May 12, 1896. Appeal No. 33, April T., 1896, by the Commonwealth of Pennsylvania, from judgment of Q. S. of Lawrence Co., No. 10, Dec. Sess., 1894, quashing indictment against Chas. F. Moore, defendant. Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ. Reversed.

Indictment for willfully damaging the property of a livery stable keeper.

Defendant was convicted but motion in arrest of judgment was sustained: 4 District Reps. 649.

*Error assigned* was (1) arresting judgment and discharging defendant upon the third reason set forth in defendant's motion for arrest of judgment as quoted in opinion of Superior Court; (2) entering judgment in favor of defendant on said third reason.

*Robt. K. Aiken,* district attorney, with him *S. P. Emery,* for appellant.—The title of the act is sufficient.   The misdemeanor provided for was germane to and included in the subject expressed in the title : Commonwealth v. Henderson, 172 Pa. 135; Kelly v. Mayberry Township, 154 Pa. 440; Borough of Millvale v. Evergreen R. R. Co., 131 Pa. 1; Dorsey's App., 72 Pa. 192; Cooley's Constitutional Limitations, 4th ed. 175, 176.

The title is not misleading: Allegheny County Home's App., 77 Pa. 77; State Line & Juniata R. R. Co.'s App., 77 Pa. 429; Carothers' App., 118 Pa. 468; Fredericks v. Penna. Canal Co., 109 Pa. 50; Esling's App., 89 Pa. 205; Lackawanna Township, Harris's App., 160 Pa. 494; Taggart v. Commonwealth, 102 Pa. 354; Yeager v. Weaver, 64 Pa. 425; Powell v. Commonwealth, 114 Pa. 265; Craig v. Presbyterian Church, 88 Pa. 42.

If the title of the act fairly gives notice of the subject so as to reasonably lead to an inquiry into the body of the act, it is not necessary to set out in the title that it is a penal act.   When a title speaks of protection, regulation, restraint, prohibition, prevention, it gives due notice of the means to secure that end and is certainly germane to the subject: Powell v. Commonwealth, 114 Pa. 265; Commonwealth v. Shirley, 152 Pa. 170; Pa. R. R. Co. v. Riblet, 66 Pa. 164; Mauch Chunk v. McGee, 81 Pa. 433; Commonwealth v. Sellers, 130 Pa. 32; The State v. Kingsley, 108 Mo. 135; The State v. Burgdoerfer, 107 Mo. 1.

The act does not contain more than one subject because it provides a penal and civil remedy, as both are germane to the general subject: Blood v. Marcelliott, 53 Pa. 391; Boro. of Washington v. McGeorge, 146 Pa. 248; Commonwealth v. Sellers, 130 Pa. 32.

**164**     COMMONWEALTH, Appellant, *v.* MOORE.

Arguments—Opinion of the Court.     [2 Super. Ct.

*B. A. Winternitz*, with him *John G. McConahy*, for appellee. —The title of the act of 1887 is misleading: Dorsey's App., 72 Pa. 192; Union Passenger R. R. Co.'s App., 81* Pa. 91; Road in Phœnixville, 109 Pa. 44; Rodger v. Improvement Co., 109 Pa. 111; Com. ex rel. v. Samuels, 163 Pa. 286. The act violates sec. 7, art. 3 of the constitution in that it is local or special legislation giving justices of the peace jurisdiction of consequential damages and giving privileges to a special class, to wit, livery stable keepers.

The act is obnoxious to the bill of rights: Sec. 1 and sec. 26, 109 U. S. 21; Godcharles v. Wigeman, 113 Pa. 431; Durkin v. The Coal Co., 171 Pa. 193.

To say that what would be a simple trespass when committed against one man would be a crime when committed against another; that one man may recover damages by an action of debt while others must resort to an action of trespass on the case; that one man may institute proceedings before a justice of the peace, while another can only sue in a court of record; that one class of persons shall be governed by one law and another class of people by another; that one man's property should be specially protected by the forms and under the sanction of law is the most vicious form of class legislation, and is an infringement upon the rights of the citizen who is not thus protected.

OPINION BY ORLADY, J., July 16, 1896:

The defendant was convicted under the act of March 22, 1887, P. L. 8, entitled " An act for the protection of livery stable keepers."

Judgment in favor of the defendant was entered by the court after argument of a motion in arrest of judgment, for the reason urged in the first assignment of error, as follows : " The act of assembly approved 22d of March, 1887, P. L. 8, entitled, ' An act for the protection of livery stable keepers,' under which the indictment in this case is drawn, is unconstitutional and void, in that it violates section 3, article III. of the constitution of Pennsylvania, which is as follows : ' No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title.' "

It is a cardinal rule that all statutes are to be so construed as

to sustain rather than ignore them; to give them operation, if the language will permit, instead of treating them as meaningless and invalid: Mauch Chunk v. McGee, 81 Pa. 433.

The legislature intended that the law on the subject-matter of the bill should be operative, and, if it can be done, it is the duty of the court to reconcile the different parts of the law, rather than to declare it void and frustrate the legislative intent. All the presumptions are in favor of its constitutionality and nothing but a clear violation of the constitution will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void.

The learned court below held, the title to the act does not indicate or give notice of the matters in the body of the act and that it is misleading.

If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to the contents as has been often said: Allegheny County Home App., 77 Pa. 77; State Line & J. Ry. Co. App., 77 Pa. 429; Fredericks v. Pa. Canal Co., 109 Pa. 50; Phila. v. Ry. Co., 142 Pa. 484; Washington Boro. v. McGeorge, 146 Pa. 248.

It is not claimed that the provisions of the bill relate to an unconstitutional subject-matter. The legislature may deem it desirable to prescribe special or peculiar rules for the several occupations, and to establish distinction in the rights, obligations, duties and capacities of citizens, Cooley's Const. Lim. (6th ed.) page 479, and has enacted many regulations to exempt favor or control the business of common carriers, bankers, mechanics, insurance companies, coal mines, laborers, etc.

The title, " An act for the protection of livery stable keepers," implies protection to a business or occupation which is as distinctive as that of an innkeeper or banker. The protection intended is to them as designated,—keepers of livery stables—not as individuals. The business is clearly expressed. The provisions of the act relate to the use and care of property in the special business, and impose a penalty for its damage or destruction. It is a natural connection, not foreign to the subject expressed in the title and is not misleading, as it directs attention to this class of business people.

It would be a labored construction to say that it refers to the

person and not to the property. The words are to be used in their usual and ordinary meaning. The keeper of a livery stable is a party in interest. When the title speaks of parties in interest it was cognate with the subject to extend the law to "persons" not "parties:" Yeager v. Weaver, 64 Pa. 425.

It follows that this can only be, because the title fairly gives notice of the subject of the act, so as reasonably to lead into an inquiry into the body of the bill, which has repeatedly been held to be sufficient, as the title thus inducing examination accomplishes all that a more elaborate statement would give notice of: Millvale Borough v. Evergreen Ry. Co., 131 Pa. 1; Kelly v. Mayberry Township, 154 Pa. 440; Commonwealth v. Lloyd, 2 Pa. Superior Ct. 6.

The objection to the act, that it provides for a criminal and civil liability, is answered by Thomasson v. The State, 15 Indiana, 455, in which the Supreme Court of the state declare, "It is urged that the act embraces more than one subject; that it embraces provisions of civil and criminal law. The courts can only ask, does the title of the act which may be brought in question embrace but a single subject, and are the provisions upon that subject or upon matters properly connected with it. We are further satisfied that we cannot say, simply because the sections found in the act may be some of them civil and some penal in their character, that they are upon two subjects," which is adopted by our own Supreme Court in Blood v. Mercelliott, 53 Pa. 391. This last case has been subjected to severe criticism in later decisions: In re Road Phœnixville, 109 Pa. 44, but the principle above quoted has not been affected, and even in its questioned application has been cited with approval: Commonwealth v. Morningstar, 144 Pa. 103.

The two assignments of error are sustained. The judgment is reversed and it is ordered that the record be remitted to the court below for further action on the verdict.