# Kelly, Appellant, *v.* Burnham, Williams & Company.

*Agency—Authority of agent—Insufficient evidence—Ratification —Case for jury—Forbearance to sue—Consideration.*

1. Where the wife of an injured employee made an agreement with her husband's employer to refrain from bringing suit in consideration of certain payments to her, and where though the authority of the agent was not shown, it appeared that for twenty-seven months following the accident payments had been made at defendants' office by an authorized employee, with the knowledge of defendants, and without objection or protest from them there was sufficient evidence in an action on the agreement for arrears that the agent's contract had been ratified by defendants, to carry the case to the jury.

2. While it is a general rule that a promise to forbear a suit against a person against whom the plaintiff has no legal cause of action is not a sufficient consideration, the rule is not applicable to an agreement of settlement made by plaintiff during the lifetime of her husband for injuries sustained by the husband, where both plaintiff and the agent of the company in whose employ the husband was injured believed that he would die as a result of the injuries, in which case plaintiff would have had a right of action.

Argued Jan. 19, 1915. Appeal, No. 345, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., June T., 1913, No. 367, refusing to take off nonsuit in case of Margaret Kelly v. Alba B. Johnson, Samuel Vauclain and William L. Austin, now or late trading as Burnham, Williams & Co. Before Mestrezat, Potter, Stewart, Moschzisker and Frazer, JJ. Reversed.

Assumpsit on a contract. Before Martin, P. J.

The opinion of the Supreme Court states the facts.

The trial judge entered a nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Richard T. McSorley,* with him *Albert H. Coggins,* for appellant.—The evidence that the person with whom plaintiff contracted was the agent of defendants was sufficient: Singer Manufacturing Company v. Christian, 211 Pa. 534; Penna. Natural Gas Co. v. Cook, 123 Pa. 170; Watson v. Lukins, 126 Pa. 630; Langenheim v. Anschutz Bradberry Co., 2 Pa. Superior Ct. 285.

There being an element of doubt as to whether plaintiff could recover a compromise of the disputed claim was a sufficient consideration: Meanor v. McKowan, 4 W. & S. 302; Logan v. Mathews, 6 Pa. 417; Muirhead v. Kirkpatrick, 21 Pa. 237; Magogney v. Reed, 2 Pitts. 389; Gray v. Brackenridge, 2 P. & W. 75; Hamaker v. Eberley, 2 Binn. 506; Lewallen's Est., 27 Pa. Superior Ct. 320.

*Frank P. Prichard,* with him *James Wilson Bayard* and *John G. Johnson,* for appellees.—The authority of the agent to make the contract was not shown.

There was no consideration for the agreement: Hamaker v. Eberley, 2 Binn. 506; Lewallen's Est., 27 Pa. Superior Ct. 320; Meanor v. McKowan, 4 W. & S. 302;

Logan v. Mathews, 6 Pa. 417; Gray v. Brackenridge, 2 P. & W. 75; Muirhead v. Kirkpatrick, 21 Pa. 237; Spangler v. Springer, 22 Pa. 454.

OPINION BY MR. JUSTICE FRAZER, February 22, 1915:

This was an action in assumpsit, brought by appellant against appellees to recover an amount claimed to be due under a contract. On May 31, 1907, Andrew Kelly, the husband of appellant, while in the employ of appellees, was injured at their works in the City of Philadelphia, by the bursting of a wood polishing wheel. Kelly was rendered unconscious for three days following the accident, and permanently incapacitated thereafter for work. As a result of the injury he is of unsound mind, and has been confined in the Philadelphia Hospital since shortly after the accident until the present time. Within a day or two following the accident and at subsequent times, Frederick J. Pooley, whom appellant claims is an employee of appellees, called at the home of Mrs. Kelly, and according to her testimony and that of her daughter, agreed with her that appellees would pay the rent of her house, sixteen dollars per month, and allow her the sum of eight dollars per week for household expenses, so long as her husband remained unable to work, and would thereafter reemploy him at twelve dollars per week if she would "not go to law." She says these terms were accepted by her, and that she signed a paper, the contents of which we have not before us. Payments aggregating seven hundred and ninety dollars on account of rent and for household purposes were made by appellees to Mrs. Kelly personally from time to time, until July 7, 1909, when the last payment was made.

At the trial in the court below a compulsory nonsuit was entered. The reasons assigned, therefor, being (1) insufficient evidence to establish Pooley's authority to make the contract, (2) want of consideration, and (3) that appellant had no right of action for the injury

received by her husband. The refusal of the court to take off the nonsuit is assigned as error. For the purpose of determining the question now before us we may assume as testified to by Mrs. Kelly, that Pooley made an agreement with her for the payment of certain sums of money if she would not bring suit against appellees. An examination of the testimony fails to show authority in Pooley to make such a contract in their behalf. That being the case, was the evidence sufficient to take the question of ratification of Pooley's act by appellees to the jury? The payments claimed to have been agreed upon between Mrs. Kelly and Pooley were made from time to time at the office of appellees by Mr. Vauclain, one of the appellees, and by authorized employees of the company, during the twenty-seven months following the accident without objection or protest upon the part of either Mr. Vauclain, who apparently had knowledge of some understanding or agreement with Mrs. Kelly, or any other member of the company. This evidence was amply sufficient to require the submission to the jury of the questions of a contract by Pooley and its ratification by appellees. If the sums allowed her were a charity, voluntarily made, as set forth in the affidavit of defense, and were not made under a contract as claimed by Mrs. Kelly, that question was also for the jury. To sustain a consideration, appellant relies on Hamaker v. Eberley, 2 Binney 505. The rule laid down in that case would seem to sustain her contention, while it is true as a general rule that a promise to forbear a suit against a person against whom the plaintiff has no legal cause of action is not a sufficient consideration, the situation here makes that rule inapplicable to the facts before us. While Mrs. Kelly probably had no right of action against appellees at the time Pooley was "coaxing her not to go to law," we can fairly assume from the testimony that it was believed by both herself and Pooley that her husband's injuries would terminate fatally. In that event Mrs. Kelly would have an action against

appellees, and if under those circumstances she "gave up all her legal redress either present or future, under any circumstances which might arise," Hamaker v. Eberley, supra, as she did according to her testimony, there was ample consideration to sustain the contract which she avers existed between herself and appellees. We are of opinion that under the circumstances developed by plaintiff's testimony, this case was for the jury.

Judgment reversed with a procedendo.