# Menhennet *v.* Davis, Appellant.

*Contract—Agreement to settle—Oral evidence—Case for jury.*

An agreement to pay all expenses resulting from the injury to the son of the plaintiff by defendant's servant, if plaintiff would cause defendant no trouble, is a definite contract based upon a valid consideration.

Where the plaintiff forbore to sue, and the evidence, if believed, would have entitled him to have recovered for the reasonable expenses incurred in caring for his son during the illness, and for his services, the plaintiff parted with a right which he had, in agreeing to such forbearance, and the case was for the jury as to the making of the contract and its terms.

*Practice—Isolated portions of charge—Not properly to be excepted to.*

It is always unsafe and unfair to the trial judge to select a single sentence from the body of the charge, sever it from its context, and undertake to construe it by itself, without regard to what he may have said in the same connection or in other parts of the charge.

*Practice, C. P.—Charge—Mistake in stating testimony.*

Where a defendant complains of a misquotation of the testimony in the charge of the court, which he failed to call to the at-

tention of the trial judge, he will not be heard on appeal. It was his duty to speak up when he had the chance.

Argued Oct. 17, 1918. Appeal, No. 27, Oct. T., 1918, by defendant, from judgment of C. P. No. 2, Philadelphia County, March T., 1915, No. 2760, on verdict for plaintiff in case of Richard Menhennet v. Alvah M. Davis. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit. Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $800 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the charge of the court and in refusing defendant's motion for judgment n. o. v.

*Sheldon Potter,* and with him *John W. Hallahan,* for appellant.—The court erred in his instructions to the jury as to the alleged contract: Hershey v. Hershey, 8 S. & R. 333; Burke v. Maxwell's Admrs., 81 Pa. 139; Branson v. Kitchenman, 148 Pa. 541.

There was no evidence that the injuries complained of were the result of the accident: Gosser v. Ohio Valley Water Co., 244 Pa. 59; Wigmore on Evidence, Sec. 1722; Bruggeman et ux. v. York, 254 Pa. 430.

*George H. Scatchard,* and with him *David H. Cohen,* for appellee.—The charge of court was proper and adequate: Krepps et al. v. Carlisle et al., 157 Pa. 358; Com. v. Razmus, 210 Pa. 609; Lauer v. Yetzer, 3 Pa. Superior Ct. 461; Oehmler v. Pittsburgh Rys. Co., 25 Pa. Superior Ct. 617; Lappe v. Gfeller, 211 Pa. 462; H. M. Crawford v. Pile and Brown, 190 Pa. 263.

262    MENHENNET *v.* DAVIS, Appellant.

The defendant elected to try the case on the merits, and cannot now object to matters, to which he took no exception at the trial: Floyd v. Lehigh Valley R. R. Co., 60 Pa. Superior Ct. 1; Fox v. Cohen, 65 Pa. Superior Ct. 337; Elder Township School District v. Pennsylvania R. R. Co., 26 Pa. Superior Ct. 112.

Where the defendant failed to call the attention of the court to any misstatement of facts, he cannot take advantage of them on appeal, where the charge as a whole is not erroneous or inadequate: Orr v. Griffith, 47 Pa. Superior Ct. 18; Burkholder v. Stahl, 58 Pa. 371; Kaufman v. Pittsburgh, Carnegie & Western R. R. Co., 210 Pa. 440; Murtland v. Englich, 214 Pa. 325; Reese v. Reese, 90 Pa. 89; Fitzpatrich v. Traction Co., 206 Pa. 335; Hamilton v. The Pittsburgh, Bessemer & Lake Erie R. R. Co., 194 Pa. 1; McCormick v. Bickerton, 251 Pa. 466.

OPINION BY TREXLER, J., March 3, 1919:

The minor son of the plaintiff was injured by being struck by the team of the defendant in charge of his servant. The plaintiff presented proof showing that the defendant had several conversations with the plaintiff and his wife and on these occasions agreed that he would in consideration of the plaintiff not bringing suit, pay all the trouble and expenses growing out of his injuries. The summary of the testimony in this respect is that after expressing his regret for the accident and the carelessness of his driver, defendant stated that if plaintiff would cause him no trouble nor go to law, nor cause him any notoriety, he would take care of the boy, pay all expenses including proper nourishment and do everything to get the boy well. The defendant who was a doctor, furthermore stated that the parents of the boy might call in another doctor and he would pay the expenses. This testimony if believed, was sufficient to support a contract. It was definite and based upon a valid consideration. The father of the child had a right of action against the defendant for

the loss of the child's services and the expenses attending the illness, provided negligence on the part of the defendant could be shown. In making the contract he parted with a right he had. Whether if suit had been brought he could have proven negligence is apart from the question. To both parties to the contract, negligence was apparently not in question as the injury was admitted and the liability for it conceded and was the basis of the arrangements. It is sufficient even if a future right which will probably arise, is given up: Kelly v. Burnham, 248 Pa. 223. Whether the contract was made and what were its terms was a question for the jury. In his charge the learned trial judge alluded to the alleged conversations which formed the evidence of the contract and endeavored to give its terms. The defendant now urges that the judge assumed the contract to be as he stated it and that his statement was at variance with the testimony. We find no reversible error in this. The court distinctly left to the jury the question as to whether there was a contract, told them plainly if they found none they should bring in a verdict for the defendant and subsequently, affirmed several points of like tenor for the defendant. If there was a misquotation of the testimony the defendant had ample time to correct this matter. The court before the jury retired, invited this action on defendant's part. It was his duty to speak up when he had the chance: Hilty v. Saltsburg Coal Mining Co., 55 Pa. Superior Ct. 104 (115) ; Medis v. Bentley, 216 Pa. 324; Com. v. Razmus, 210 Pa. 609.

There are several assignments directed to certain parts of the charge which, standing alone, might convict the court of error but taken with the context they do not bear out the contention. For the sake of illustration take the fourth assignment of error which is as follows: "In other words there was a proposal by Doctor Davis 'if no suit is brought against me on account of that accident I will pay the expenses.' The father said, 'I will bring no suit. I will agree that no suit should be brought

if you agree to pay the expenses.'" This standing alone certainly would lead to the conclusion that the court assumed that there was a contract made. If we look at the context we find the court repeated that it was the contention of the plaintiff that such conversations were had and the portion assigned for error was immediately followed by the words, "was that agreement made at that time? That is the first question for your decision." It is always unsafe as well as unfair to the trial judge to select a single sentence from the body of the charge, sever it from its context and undertake to construe it by itself without regard to what he may have said in the same connection or in other parts of the charge: Knights of Pythias v. Leadbeter et al., 2 Pa. Superior Ct. 461 (474).

All the assignments of error are overruled and the judgment is affirmed.