# Commonwealth *v.* Berryman, Appellant.

*Constitutional law—Act of June 12, 1913, P. L. 481—Defrauding innkeeper—Definition of proof.*

It is entirely proper for the legislature to declare that proof, i. e., evidence, of certain things, shall be prima facie evidence of an intent to defraud. Such a provision in the act of assembly is not unconstitutional or in violation of Article III, Section 7, of the Constitution of Pennsylvania providing that no bill shall be passed changing the rules of evidence in any judicial proceeding or inquiry before courts. Where the statute contains the provision that certain acts therein specified shall be prima facie evidence of fraudulent intent, the burden of proving the defendant guilty still remains on the Commonwealth, and neither the rules of evidence nor the regulation of the practice of the courts is changed.

*Criminal law—Defrauding innkeeper—Act of June 12, 1913, P. L. 481—Evidence—Charge of court.*

While the refusal on demand to pay for the accommodations rendered by an innkeeper to a guest is prima facie evidence of fraudulent intent, the Commonwealth must establish the guilt of the defendant beyond reasonable doubt as in all other criminal cases. Evidence of the acts referred to in Section 9 of the Act of June 12, 1913, P. L. 481, are sufficient to take the case to the jury on the question of fraudulent intent, but they may be open to explanation, and because such acts are testified to or proven on the trial does not, perforce, render the defendant guilty under the act.

Such refusal to pay was only prima facie evidence of fraudulent intent and the court should have instructed the jury that, in order to convict, they must believe from all the evidence, and beyond a reasonable doubt, that the defendant secured the accommodation or any part of it with the purpose and intent to defraud.

480   COMMONWEALTH *v.* BERRYMAN, Appellant.

Argued April 30, 1919. Appeal, No. 40, April T., 1919, by defendant, from judgment of Q. S. Allegheny Co., Oct. Sess., 1917, No. 5, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Charles H. Berryman. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Indictment under the Act of June 12, 1913, P. L. 481. Before SLOAN, P. J., of the 18th Judicial District, specially presiding.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the charge of the court and refusal of defendant's motion for new trial and in arrest of judgment.

*A. E. Anderson,* for appellant.

*C. B. Prichard,* and *Harry A. Estep,* Assistant District Attorney, and with them *H. H. Rowand,* District Attorney, for appellee.

OPINION BY KELLER, J., July 17, 1919:

The assignments of error in this appeal raise two questions: (1) Is the provision in Section 9 of the Act of June 12, 1913, P. L. 481, entitled "An Act relating to inns and hotels; regulating certain rights and liabilities of hotelkeepers and innkeepers; and providing penalties for fraud against innkeepers and hotelkeepers," that proof that the person refused or neglected to pay for such food, lodging or other accommodation on demand, or that he surreptitiously removed or attempted to remove his baggage, etc., shall be prima facie proof of the fraudulent intent mentioned in section 8 of the act, unconstitutional? (2) Was the charge of the court below erroneous?

(1) The appellant contends (a) that the provisions of section 9 above referred to violate that clause of the Constitution of Pennsylvania which provides that no local or special law shall be passed regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts (Art. III, Sec. 7). He also asserts that the act (b) violates Art. III, Sec. 3, which provides that no bill shall be passed containing more than one subject, which shall be clearly expressed in its title; and (c) is contrary to the "due process of law" clauses of the Federal and State Constitutions, because it changes the burden of proof in prosecutions brought under the act.

The word, proof, as used in Section 9 of the Act of 1913, is equivalent to evidence; it does not here have reference to the degree or quantity of the evidence, such as to amount to a demonstration or to produce conviction; it is used in the more common, though less accurate, meaning of evidence before a court or jury in a judicial way: 32 Cyc. 636. The offense described in the eighth section is the obtaining of food, lodging or other accommodation at a hotel, inn, etc., with intent to defraud the owner or keeper thereof, and as a man's intent is hidden in his own mind, and can only be judged by acts indicative of the state of his mind, it was entirely proper for the legislature to declare that proof, i. e. evidence, of certain things should be prima facie evidence of an intent to defraud; they have occurred so often in connection with frauds under similar circumstances that the legislature was justified in saying they were evidence of fraudulent intent. The pamphlet laws contain many acts having a similar provision with reference to offenses based on the fraudulent or malicious or unlawful intent of the party charged: Act of March 18, 1875, P. L. 33, relating to the carrying of concealed deadly weapons; Act of May 8, 1909, P. L. 466, relating to the possession of firearms by unnaturalized foreigners; Act of March 31, 1860, P. L. 382, Sec. 55, relating to gambling; and various acts for

the protection of deer, game, fish, etc.   It is not different from the rule of judicial interpretation that the intent to kill will be inferred from the intentional and unlawful use of a deadly weapon: 21 Cyc. 714; McCue v. Commonwealth, 78 Pa. 185.   The act in this respect does not change the rules of evidence nor specially regulate the practice or jurisdiction of the courts.   Nor is it defective in its title.   The title as given above is sufficiently explicit to put the public on notice that it was dealing with frauds on hotelkeepers and innkeepers and providing penalties for violations of the act.   It does not have to contain an index of its contents: Commonwealth v. Jones, 4 Pa. Superior Ct. 362.   Acts of assembly with similar provisions and titles no more full or complete were upheld in: Commonwealth v. Mintz, 19 Pa. Superior Ct. 283; Commonwealth v. Beatty, 15 Pa. Superior Ct. 5; Commonwealth v. Sellers, 130 Pa. 32; Commonwealth v. Moore, 2 Pa. Superior Ct. 162; Commonwealth v. Jones, 4 Pa. Superior Ct. 362; Dixon v. Sheffer, 46 Pa. Superior Ct. 452.   Nor does the act contravene the Federal or State Constitution with respect to the "due process of law" clauses by changing the burden of proof in a criminal prosecution.   The burden of proof is not changed; it still remains on the Commonwealth; the statute only declares that certain acts therein specified shall be prima facie evidence of fraudulent intent; but the burden of proving the defendant guilty still remains on the Commonwealth.   We conclude, therefore, that the act is constitutional.

(2) We are not satisfied, however, that the charge of the court below properly and satisfactorily presented the issue being tried to the jury.   The defendant was charged with having obtained food, lodging and other accommodations at a certain hotel with intent to defraud the owner and keeper thereof.   The proof (evidence) that he had neglected or refused to pay for such accommodation on demand and had surreptitiously removed certain articles of luggage and pawned the same, was prima facie

evidence of his fraudulent intent and was sufficient to convict the defendant if from it and all the other evidence the jury found that he obtained such accommodations, or any of them, with intent to defraud the owner or keeper of the hotel. But the burden of proof was on the Commonwealth throughout, and hence it was error to charge the jury: "It would be your duty to find the defendant guilty if you believed the evidence that a 'demand was made, or that he attempted to surreptitiously remove his goods" and "I take it to be the law that if a man goes to a hotel and is furnished lodging and other accommodation, and a demand is made and he does not pay for that, he is guilty under this act. If any other construction can be placed upon it, the act would be simply worthless." The defendant is only to be found guilty provided from all the evidence the jury finds that he obtained the accommodation with intent to defraud, and the Commonwealth must establish the guilt of the defendant beyond a reasonable doubt, as in all other criminal cases. Evidence of the acts referred to in section nine are sufficient to take the case to the jury on the question of fraudulent intent, but they may be open to explanation, and because such acts are testified to or proven on the trial does not per force render the defendant guilty under the act.

It is, of course, unfair to a trial judge to select a single sentence or clause from the body of his charge, and sever it from its context and undertake to construe it by itself, without regard to what he may have said in the same connection or in other parts of the charge: Menhennet v. Davis, 71 Pa. Superior Ct. 260. We have not done this. The whole charge seems to be pervaded with the same thought, viz: That if the jury believed (beyond a reasonable doubt, it is true, was said later on,) that the defendant refused on demand to pay for the accommodations furnished him, they should convict; whereas, such refusal was only prima facie evidence of fraudulent intent, and the jury must, in order to convict, believe from all the evidence, and beyond a reasonable doubt, that the

defendant secured the accommodation or any part of it with intent to defraud.

The fifth, sixth and seventh assignments are sustained, the judgment is reversed, and a venire facias de novo is awarded.