# Commonwealth *v.* Varner, Appellant.

*Criminal law—Indictment—Assault and battery with intent to ravish—Attempt—Conviction.*

An indictment, charging a defendant with a felonious assault with force and arms, followed by unlawful criminal knowledge and abuse, is sufficient to sustain a verdict of guilty of assault and battery with intent to ravish.

Under the provisions of section 50 of the Act of March 31, 1860, P. L. 442, the jury is at liberty to find that a defendant is guilty of an attempt to commit the crime charged, and the verdict containing the words, "assault and battery," indicates that force was used, but that the crime was not consummated.

*Criminal procedure—Sufficiency of indictment—Motion in arrest of judgment.*

A motion in arrest of judgment is not the recognized way in which to assail the sufficiency of the evidence of the Commonwealth to support a conviction. The established and proper method of raising that question is by submitting a point for binding direction from the trial judge in favor of the defendant.

Argued April 12, 1920. Appeal, No. 76, Oct. T., 1920, by defendant, from judgment of O. & T. Clearfield County, Sept. Sessions, 1919, No. 88, on verdict of guilty in the case of Com. v. H. A. Varner. Before ORLADY, P. J.,

PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Indictment for statutory rape.  Before BELL, P. J.

The indictment charged that the defendant, "being of the age of sixteen years and upwards, on the fifteenth day of July in the year of our Lord one thousand nine hundred and nineteen at the county aforesaid, and within the jurisdiction of this court, with force and arms, in and upon the body of one, Minnie Varner, feloneously did make an assault, she, the said Minnie Varner, then and there being a woman-child under the age of sixteen years, to wit: of the age of fourteen years and upwards; and that the said H. A. Varner, her, the said Minnie Varner so being such woman-child as aforesaid, then and there feloneously did unlawfully and carnally know and abuse, contrary to the form of the act of the general assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The jury rendered a verdict of guilty of assault and battery with intent to ravish, on which judgment of sentence was passed.  Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion in arrest of judgment.

*Lisle D. McCall,* for appellant.—The verdict rendered did not cover any offense described in the indictment: Com. v. Exler, 243 Pa. 155; Com. v. George, 12 Pa. Superior Ct. 1; Com. v. Marshall, 23 D. R. 743; Com. v. Mandela, 48 Pa. Superior Ct. 56; Com. v. Bell, 13 Pa. Superior Ct. 576; Com. v. Exler, 61 Pa. Superior Ct. 423.

*John C. Arnold,* District Attorney, for appellee.—The assault was one of the constituent offenses charged in the indictment: Com. v. Mandela, 48 Pa. Superior Ct. 56; Farrell v. The State (1), 24 Atl. Rep. 723; State v.

Jackson, 46 Atl. Rep. 764; Com. v. George, 12 Pa. Superior Ct. 6.

OPINION BY TREXLER, J., July 14, 1920:

The question before us is raised on a motion in arrest of judgment. The indictment, record of the trial and sentence can alone be considered. The question of the sufficiency of the evidence to warrant a conviction does not arise: Commonwealth v. Penna. R. R. Co., 72 Pa. Superior Ct. 353; Commonwealth v. Walker, 33 Pa. Superior Ct. 167. There was no objection made to the indictment before the plea was entered. The charge was that the defendant "with force and arms, in and upon the body of one, Minnie Varner, feloniously did make an assault, she, the said Minnie Varner then and there being a woman-child under the age of sixteen years, to wit: of the age of fourteen years and upwards, and that the said H. A. Varner, her, the said Minnie Varner so being such woman-child as aforesaid then and there did unlawfully and carnally know and abuse." The jury returned a verdict in which they found the defendant "guilty of assault and battery with intent to ravish." The appellant contends that under the evidence produced, the offense charged being consensual coition by a male over sixteen years with a female under sixteen years that assault and battery is not a constituent offense and that therefore the verdict is not supported by the indictment as the indictment solely charges an offense known as statutory rape. If we direct our attention to the indictment it seems plain that the defendant is charged with a felonious assault with force and arms followed by unlawful carnal knowledge and abuse. It would support a verdict of a forcible attempt to ravish and that is what in substance the jury found. Whether the evidence showed that force was used or not, we need not consider. The evidence is not before us. The substance of the verdict is the attempt which under our criminal code, Act 31, March, 1860, sec. 50, P. L. 442,

the jury is at liberty to find in any case where the principal crime is charged. The verdict containing the words, assault and battery, indicates that force was used, but that the crime was not consummated. We must presume that there was evidence sufficient to warrant this conclusion. If the evidence shows that the girl consented to the intended connection and the defendant desired to raise the point of law that there could be no conviction under the indictment for an attempt to commit statutory rape, where consent was shown, he should have submitted a point for binding direction to the court. It cannot be raised upon a motion in arrest of judgment: Commonwealth v. Penna. R. R. Co., supra. Having taken this view it may seem somewhat inconsistent for us to state that we have read the testimony and are convinced that there is evidence enough to show that there was compulsion used, or at least that there was some resistance on the part of the girl. Considering the relation between the parties and the control that naturally a parent would exercise over his own child the amount of resistance offered on the part of the girl may be very slight in order to justify the conclusion that the connection was forcible and against her will.

The judgment is affirmed and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.