## Commonwealth v. Felton.

*Criminal law—Procedure—Indictment—Sufficiency—Evidence—Motion in arrest of judgment—Motion for new trial.*

1. In criminal cases a motion in arrest of judgment is founded upon exceptions to the indictment. A motion in arrest of judgment, and not a motion for a new trial, is the proper motion to attack the sufficiency of an indictment for defects appearing upon its face.

2. Details of evidence need not be alleged in an indictment.

3. In this case the court waived defects in practice in order that no injustice should be done the defendant.

*Constitutional law—Title of act—Two offences—Act of April 18, 1919.*

4. The title to an act is not required to be an index, and need not give notice of all the machinery provided therein for carrying it into effect.

5. The Act of April 18 1919, P. L. 70, relating to the drawing of checks with intent to defraud, etc., is not unconstitutional because the title fails to give notice that the act contains certain provisions as to what shall constitute *prima facie* evidence of an intent to defraud.

6. The Act of April 18, 1919, P. L. 70, does not create two offences. The offence created is defined in section 1. Section 3 does not create another offence, but deals entirely with the question of evidence.

Motion for new trial. Q. S. Dauphin Co., March Sess., 1921, No. 31.

*W. Justin Carter*, for motion.

*Walter R. Sohn* and *Philip S. Moyer*, District Attorney, contra.

HARGEST, P. J., March 1, 1922.—The defendant was convicted upon the charge of drawing a check with intent to defraud when he had not sufficient funds in the depository upon which the check was drawn.

He has gone on a proverbial fishing expedition to set this conviction aside, but has steered a very uneven course. At the trial, a verbal motion was made to quash the indictment, because, having been drawn under the Act of April 18, 1919, P. L. 70, it did not allege that the maker or drawer had failed to pay the said check after the defendant had been given ten days' notice to make the check good. That verbal motion was overruled and the defendant was permitted to file his motion to quash in writing. The jury rendered a verdict of guilty. On June 4, 1921, the defendant, by permission of the court, filed his motion for a new trial, assigning, among other reasons, that the court erred in overruling the motion to quash the indictment, because it did not allege "that the prosecutor had given the defendant ten days' notice to make the alleged check good within ten days." At the time of filing the motion for a new trial, the motion to quash had not been filed. It was filed June 13, 1921. No motion in arrest of judgment or for the discharge of the defendant was filed. "In criminal cases, an arrest of judgment is founded on exceptions to the indictment:" Com. *v.* Pennsylvania R. R. Co., 72 Pa. Superior Ct. 353, 356. A motion in arrest of judgment, therefore, and not a motion for a new trial, would have been the proper motion to attack the sufficiency of the indictment for defects appearing on its face: Com. *v.* Varner, 74 Pa. Superior Ct. 529. When, however, the motion to quash the indictment was filed, it averred, in addition to the reason above set out, that the act of assembly was unconstitutional, and when the defendant's brief was presented to the court, Feb. 15, 1922, no other question was argued. The question of the constitutionality of the Act of 1919 was not raised at the trial. The court has not heretofore passed upon it, and it is not properly presented now, but in order that no injustice shall be done the defendant, we waive these matters of practice and shall consider the question.

Commonwealth v. Felton.

It is contended that the Act of April 18, 1919, P. L. 70, is unconstitutional because the title is defective, in that (1) it gives no notice that section 3 changes the burden of proof, and (2) that it creates a new and distinct offence, of which no notice is given in the title.

The act is entitled "An act declaring it a misdemeanor for any maker or drawer, with intent to defraud, to make or draw or utter or deliver any check, draft or order when such person has not sufficient funds in, or credit with, the depository upon which the same is drawn."

Section 3 provides as follows: "In any prosecution under this act, the making or drawing or uttering or delivering of a check, draft or order, payment of which is refused by the drawee because of lack of funds or credit, shall be *prima facie* evidence of intent to defraud and of knowledge of insufficient funds in, or credit with, such bank, banking institution, trust company or other depository, unless such maker or drawer shall have paid the drawee thereof the amount due thereon, together with interest and protest fees, within ten days after receiving notice that such check, draft or order has not been paid to the drawee."

1. It is contended that this act is unconstitutional because the title does not give notice of the provision that the drawing or uttering of an instrument may be *prima facie* evidence of the intent to defraud. A title to an act is not required to be an index: Com. v. Jones, 4 Pa. Superior Ct. 362; Kelley v. Mayberry Township, 154 Pa. 440; Com. v. Gilligan, 195 Pa. 504; Rose v. Beaver County, 204 Pa. 372. It need not state that it carries a penalty for violation of its provisions: Com. v. Clymer, 217 Pa. 302; Com. v. Moore, 2 Pa. Superior Ct. 162; Com. v. Beatty, 15 Pa. Superior Ct. 5; note to Ann. Cas., 1912 D, 157. It need not give notice of all the machinery for carrying the law into effect: Booth & Flinn, Ltd., v. Miller, 237 Pa. 297.

With these principles and these cases in mind, the Superior Court, in the case of Com. v. Berryman, 72 Pa. Superior Ct. 479, has decided that "it is entirely proper for the legislature to declare that proof, i. e., evidence of certain things, shall be *prima facie* evidence of an intent to defraud." In that case there was no indication in the title of the provision which made evidence of certain things "*prima facie* evidence" of an intent to defraud. Judge Keller, after referring to other acts with a similar provision, said (page 482): "The act in this respect does not change the rules of evidence nor specially regulate the practice or jurisdiction of the courts. Nor is it defective in its title. The title, as given above, is sufficiently explicit to put the public on notice that it was dealing with frauds on hotel-keepers and innkeepers and providing penalties for violations of the act."

We think this case disposes of the contention that the title of the act before us is defective because it gives no notice that the drawing or uttering of the check shall be *prima facie* evidence of an intent to defraud and of knowledge of insufficient funds to meet it.

2. We are likewise convinced that there is nothing in the contention that the act creates two distinct offences. It is argued that one offence is created in section 1 and another in section 3 of the act. We cannot so read it. The offence is defined in section 1. Section 3 deals entirely with the question of evidence, concerning which the title need make no discovery.

Neither are we impressed with the reason assigned in the motion for a new trial, but which was not argued in defendant's brief, that the indictment should have been quashed because it did not set out that the "prosecutor had given the defendant ten days' notice to make the alleged check good within ten days." We know of no rule that requires the details of matters of evi-

2 D. & C.

dence to be alleged in an indictment. The offence charged in this indictment is in the language of section 1 of the act of assembly, and is abundantly sufficient to sustain the charge. There is nothing in section 3 that requires a prosecutor to give ten days' notice to make the check good before beginning a prosecution. Any one concerned may give such notice. Even though the notice were given and the check made good within ten days, a prosecution could be begun, but in that event the Commonwealth could not rely on any presumption. It would have to affirmatively prove the intent to defraud. The effect of the making, uttering or delivering of the check with no funds to meet it, in the absence of any notice to make it good, is altogether a matter of evidence, under section 3 of this act of assembly, which need not be pleaded in the indictment.

The only other reasons assigned in the motion for a new trial are that the verdict was against the evidence, against the law, and that "the jury did not give due weight and proper consideration to the testimony of defendant's good reputation." No argument is made in support of these reasons. No complaint is made of the charge. There was enough evidence to sustain a conviction, and we cannot say that the jury did not give proper consideration to the testimony of the defendant's good reputation.

After carefully considering all the reasons before us, including those not properly assigned and those assigned but not pressed, we are of opinion that the trial was fair and the verdict proper.

The motion for a new trial is, therefore, overruled and the district attorney directed to move for judgment.

From William Jenkins Wilcox, Harrisburg, Pa.